**SO ORDERED.**

**SIGNED this 03 day of April, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILSON DIVISION

IN RE:

**RICHARD LEWIS HITT**

      DEBTOR.                                      **CASE NO. 05-02122-8-JRL**
                                                          **Chapter 7**

_____

### ORDER

This case is before the court on the debtor's motion to reopen the Chapter 7 bankruptcy case and for reimposition of the automatic stay regarding a civil suit pending in Carteret County, North Carolina. A hearing on this matter was held on March 19, 2008 in Wilmington, North Carolina.

### FACTS

On March 16, 2005, the debtor filed for relief under Chapter 7 of the Bankruptcy Code. Attached to the debtor's bankruptcy petition were schedules that referenced the civil suit McCormick v. Hitt, docket number 04-CVS-393, pending in Carteret County, North Carolina. The address associated with the civil suit was listed on the schedule as "Carteret County Courthouse, Beaufort, North Carolina." The civil suit was filed against the debtor in 2004 alleging unfair and deceptive acts surrounding the sale of the debtor's personal residence to the plaintiff. On March 18,

2005, the debtor's attorney faxed a letter to the Carteret County Trial Court Administrator concerning the filing of the bankruptcy petition. The debtor's attorney also provided verbal notice of the bankruptcy petition to the plaintiff's counsel on or about March 18, 2005, because the matter was set for trial at the next term of court. The plaintiff was not directly given notice of the bankruptcy. The plaintiff failed to either attend the first meeting of creditors held on April 19, 2005, enter an appearance in the bankruptcy case, or file an adversary proceeding with the bankruptcy court to determine the dischargeability of the alleged debt. The debtor received a discharge in bankruptcy on June 21, 2005 and a final decree was entered on July 8, 2005. On April 23, 2007, counsel for the plaintiff sent correspondence to the Carteret County Trial Court Administrator concerning reactivation of the civil suit. The purpose of the correspondence was to inform the Trial Court Administrator that the bankruptcy case was no longer pending and to request the case be put back on the calendar in order to set a trial date. In response, the debtor moved to reopen the Chapter 7 case in order to file a motion with the court for a determination of whether continuing the civil suit is a violation of the discharge injunction under 11 U.S.C. § 524.

## ANALYSIS

Section 350 of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350. After a bankruptcy case has closed, debtors can litigate dischargeability in several ways: (1) assert the bankruptcy discharge as an affirmative defense in order for the court with jurisdiction over the lawsuit to determine dischargeability;[1] (2) move to reopen the bankruptcy case

---

[1] The bankruptcy court "lack[s] subject matter jurisdiction to decide dischargeability when debtors have already chosen the state court forum by failing to file a notice of removal to the bankruptcy court and asserting affirmative defenses in the state court." In re Toussaint, 259

2

in order to file a complaint in bankruptcy court to determine dischargeability; or (3) remove the action from state court to bankruptcy court in order to enforce the discharge injunction against the creditor." In re Toussaint, 259 B.R. 96, 101 (Bankr. E.D.N.C. 2000).

Section 523 of the Bankruptcy Code provides an exception from discharge when an individual debtor "neither listed nor scheduled under Section 521(1) . . . with the name, if known to the debtor, of the creditor to whom such debt is owed in time to permit . . . filing of a proof of claim and timely request for a determination of dischargeability of such debt." 11 U.S.C. § 523(a)(3). In addition, the statute provides an "escape valve" for situations in which the proper notice procedures were not followed but the "creditor had notice or actual knowledge of the case in time for such timely filing and request." Id. In considering the type of notice to the creditor that would allow a debtor to take advantage of the "escape valve," "[i]t has generally been held that notice to a creditor's attorney of a bankruptcy filing will be sufficient if the attorney received knowledge of it while representing his client in enforcing a claim against the debtor." Hecht v. Hatch (In re Hatch), 175 B.R. 429, 433 (Bankr. D. Mass. 1994) (citing 3 COLLIER ON BANKRUPTCY, § 523.13 (15th ed. 1988)); see also Lompa v. Price (In re Price), 79 B.R. 888 (B.A.P. 9th Cir. 1987). The rationale for this rule was explained by the court in Devers v. Franklina (In re Franklina), 29 B.R. 983 (Bankr. E.D. Mich 1983):

> The filing of the bankruptcy petition has a material impact on how an attorney, retained to prosecute a client's claim, must proceed to adequately represent that client. When an attorney who represents a creditor in an action to collect a debt receives knowledge of the debtor's bankruptcy filing, he has to decide how to

---

B.R. 96, 101 (Bankr. E.D.N.C. 2000).; see also In re Jeffries, 191 B.R. 861, 863 (Bankr. D. Or. 1995). However, because the debtor has not asserted dischargeability in bankruptcy as an affirmative defense in state court, the bankruptcy court has subject matter jurisdiction over the issue of dischargeability.

> proceed to enforce the judgment he obtained. Notice to the attorney is the kind of notice that best insures that the creditor's interest will be protected.

Hecht v. Hatch, 175 B.R. at 433 (quoting Devers v. Frankina at 986). For example, in Lompa v. Price, the Ninth Circuit Bankruptcy Appellate Panel overturned the decision of the bankruptcy court to allow a creditor's attorney to file a late complaint because the creditor was not properly scheduled at the time the debtor filed Chapter 7 when the creditor's attorney had notice of the bankruptcy. 79 B.R. at 893. The Bankruptcy Appellate Panel held that notice to the creditor's attorney of the bankruptcy constitutes notice to the creditor and that such notice is sufficient to make the creditor "responsible for protecting his claim . . . by inquiring into the bankruptcy proceedings and taking appropriate action." Id.

It is undisputed that the plaintiff in the civil case did not receive notice of the filing of the bankruptcy petition. Therefore, the issues to be decided by the court are (1) whether the plaintiff's attorney received notice of the bankruptcy case and (2) whether that notice was sufficient such that the discharge injunction should prevent litigation of the civil suit. Based on the record, the court finds that the plaintiff's attorney had actual notice of the bankruptcy case. Plaintiff's counsel received actual notice of the bankruptcy petition through the telephone call by the debtor's attorney on or about March 18, 2005. Following the rule of the majority of courts and treatises addressing the issue, the court finds that such notice to the attorney of the bankruptcy filing is sufficient notice to the creditor for purposes of Section 523. Because the plaintiff's attorney received notice of the bankruptcy petition, the debtor is able to take advantage of the "escape valve" of Section 523 and the discharge injunction is effective to prevent continuation of the civil suit.

## CONCLUSION

Based on the foregoing, the court finds that the discharge injunction is in effect and bars continuation of the civil suit McCormick v. Hitt.

**"END OF DOCUMENT"**